Date signed September 29, 2009



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

IN RE:                              :
                                    :
LORI M. EVANS                       :          Case No. 08-26188PM
                                    :               Chapter 13
                    Debtor          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - :


### MEMORANDUM OF DECISION

 This case is before the court on a Motion filed by Louis Fiechtner, attorney of record for the Debtor in this dismissed bankruptcy case filed under Chapter 13, seeking the full amount of funds held by the Trustee on account of sums claimed to be due for the balance of his representation of the Debtor.  Counsel undertook this case for the entire duration of its pendency before the court for a flat fee of $4,500.00.  $700.00 was paid to counsel prior to the filing.  The Trustee opposes the Motion.  The parties agreed to submit this matter to the court upon the papers.

 Regardless of the fact that counsel undertook the representation of the Debtor on a flat fee basis, the court still must examine this case under the *Lodestar* principles set forth in the case of *Harman v. Levin*, 772 F.2d 1150, 1151-1152 (CA4 1985), and as articulated by Chief Judge Keir in the case of *In re Courtois*, 221 B.R. 491 (BC Md. 1998).  The court also views the case based upon its own experience.  Initially, the court notes that there are no records of the time expended on this case.  Although the case was undertaken on a flat fee basis, it is better practice to maintain time records for all matters such as this.  Otherwise, counsel can only guess whether he is charging a fair fee or whether he is justly compensated.

 The court finds that the request by counsel is inappropriate in the circumstances

presented here.  Counsel failed to supply amended Schedules I and J after the Meeting of Creditors and failed to provide adequate evidence of household income.  As pointed out in the Trustee's Objection to Confirmation filed March 18, 2009 (D.E. #20), there were numerous inadequacies in the Plan provided by counsel, including lack of provision for the treatment of certain creditors.

After consideration of all relevant factors, the court finds that allowance of $1,950.00 is appropriate compensation for services rendered throughout the pendency of the case, $700.00 of which having been received by counsel..

cc:
Louis Fiechtner, Esq., 8401 Corporate Drive, #445, Landover, MD 20785
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718
Lori M. Evans, 10742 Edgwood Court, New Market, MD 21774
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**